OWEN, Judge.
Appellant suffered summary judgment in an action seeking damages for alleged breach of contract on the part of certain of the defendants, and an alleged tortious interference with the contract on the part of other defendants.
The factual issues are not without dispute, and even as to certain factual issues upon which there is no dispute, different inferences may reasonably be drawn, and hence disposition of the case by summary judgment was improper.
Appellant, described as tenant, and one Frank J. Sharp, described as landlord, entered into a written agreement to execute a lease on a certain store building in a shopping center. The agreement called for the lease to be for a basic term of ten years, and set forth in some detail various and sundry provisions and conditions which would be contained in the lease. The agreement also contained the following clause:
“This agreement shall become binding when signed by the parties hereto, sub *815 ject however to the following: Owner shall be entitled to terminate this Agreement and be freed from liability hereunder if A&P, owner’s present tenant exercises its option to extend its lease term. A formal lease in accordance herewith shall be submitted by owner for tenant’s approval and execution on or before February 15, 1970.
“Time is the most important factor in this Agreement.”
The store building was owned by Sharp and his wife, and Elmer G. Youngblood and his wife, as joint tenants. Sharp had his attorney prepare a proposed lease encompassing the matters set out in the agreement and submitted the same to appellant on or about February 13, 1970, but at appellant’s request Sharp had a modified lease prepared which was submitted a few days after February 15. Appellant then executed the proposed lease as re-submitted and delivered it to Sharp for execution by the owners. Near the end of February, when the owners still had not executed the lease, Sharp and Youngblood met with the officers of the appellant corporation. At •the meeting Sharp and Youngblood advised that they had received a better offer from another food store chain, inferring that the proposed lease would be. executed by the owners if appellant would agree to modify the terms to meet the new offer the owners had received. From this point, the relationship between the parties appears to have deteriorated and in due course the owners leased the premises to the other appellees herein.
At the least, and without intending to be all-inclusive, there were genuine issues on the following material facts: Whether Sharp had authority, either actual or apparent, to act on behalf of all of the joint tenants when he negotiated and executed the agreement; whether the joint tenants subsequently ratified the written agreement which Sharp executed as landlord; if the agreement was that of the owners, whether the parties intended the agreement to be binding, or whether they intended that there would be no binding agreement whatever until a formal lease was signed by all parties; if the agreement was itself binding on the parties, whether they intended that it automatically terminate if a formal lease was not executed by February 15, 1970, or only if the formal lease had not been submitted to the lessee by such date; whether in any event the parties waived this provision ; whether appellees Gazil, Gazil, Inc., and Certified Grocers of America, Inc., with actual or constructive notice or knowledge of an agreement between the owners and appellant, thereafter intentionally and without justification induced the owners to breach such agreement. While a jury may find adversely to appellant on these factual issues, a genuine dispute on them precludes summary judgment.
The summary judgment is reversed and this cause remanded for further proceedings.
Reversed and remanded.
CROSS and MAGER, JJ., concur.